FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 31, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DALLAS B.<br><br>    Plaintiff,<br><br> v.<br><br>FRANK BISIGNANO,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>    Defendant. | NO: 2:24-CV-00120-LRS<br><br><br>ORDER REVERSING AND<br>REMANDING THE<br>COMMISSIONER'S DECISION FOR<br>FURTHER PROCEEDINGS |

BEFORE THE COURT are the parties' briefs. ECF Nos. 7, 9. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney Ho Peter Evans. Defendant is represented by Special Assistant United States Attorney Jacob P. Phillips. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, Plaintiff's brief, ECF No. 7, is granted and Defendant's brief, ECF No. 9, is denied.

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 1

**JURISDICTION**

Dallas B. (Plaintiff) filed for disability insurance benefits on September 25, 2020 and for supplemental security income on October 27, 2020, alleging in both applications an onset date of January 1, 2014, which was amended to March 1, 2019 at the hearing. Tr. 67, 277-78, 285-306.  Benefits were denied initially, Tr. 196-201, and upon reconsideration, Tr. 204-15.  Plaintiff appeared at a hearing before an administrative law judge (ALJ) on June 7, 2023.  Tr. 58-76.  On August 1, 2023, the ALJ issued an unfavorable decision finding Plaintiff not disabled. Tr. 14-33.

The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

**BACKGROUND**

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was 32 years old on the alleged onset date.  Tr. 27.  She went to school until the eleventh grade and later earned a GED. Tr. 2010. She went to college for two years, initially in pre-nursing, and earned a medical assistant certification. Tr. 2010. She has work experience as a medical assistant and convenience store cashier. Tr. 64. She stopped working because she was not reliable due to her kidney stones and mental health. Tr. 64. She testified that she cannot be

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 2

around people without having anxiety attacks. Kidney stones cause her to go to the emergency room. Tr. 65. She has good days and bad days. Tr. 68. She has days when she cannot get out of bed. Tr. 66. She has inflammation and cannot bend over repeatedly due to back issues. Tr. 66. She cannot lift things because the left side of her body goes numb. Tr. 66. She has anxiety. Tr. 72.

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 3

rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 4

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 5

than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience.  20 C.F.R. §§

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 6

404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since March 1, 2019, the amended alleged onset date.  Tr. 20.  At step two, the ALJ found that Plaintiff has the following severe impairments: major depressive disorder, posttraumatic stress disorder, borderline personality disorder, somatic symptom disorder, bipolar disorder, and substance abuse.  Tr. 20.

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  Tr. 21.  The ALJ then found that Plaintiff has the residual

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 7

functional capacity to perform a full range of work at all exertional levels with the following additional nonexertional limitations:

> The claimant can understand, remember, and carry out simple, repetitive, one to two step instructions, make commensurate work related decisions, respond appropriately to supervision, co-workers, and work situations, deal with routine changes in the work setting and maintain concentration, persistence, and pace for up to and including two hours at a time with normal breaks throughout a normal workday, and is suitable for jobs requiring only occasional interaction with the public an co-workers and only occasional changes in the work setting.

Tr. 22.

At step four, the ALJ found that Plaintiff has no past relevant work.  Tr. 26. At step five, after considering the testimony of a vocational expert and Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform such as laundry worker, cleaner, and landscaper.  Tr. 27.  Thus, the ALJ determined that Plaintiff has not been under a disability, as defined in the Social Security Act, from March 1, 2019, through the date of the decision.  Tr. 28.

### ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying disability income benefits under Title II and supplemental security income under Title XVI of the Social Security Act.  ECF No. 7.  Plaintiff raises the following issues for review:

1. Whether the ALJ properly considered Plaintiff's symptom testimony;

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 8

2. Whether the ALJ properly considered the medical opinion evidence; and

3. Whether the step two finding that Plaintiff's kidney stone disease is not severe is supported by substantial evidence.

ECF No. 7 at 1.

## DISCUSSION

**A.    Symptom Testimony**

An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. Social Security Ruling 16-3p, 2017 WL 5180304, at *2 (effective October 25, 2017). "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted). "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 9

omitted).  General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims)).

"The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).  Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and 7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.  Social Security Ruling (SSR) 16-3p, 2017 WL 5180304, at *9 (effective October 25, 2017); 20 C.F.R. §§ 404.1529(c), 416.929(c).  The ALJ is instructed to "consider all of the evidence in an individual's record," to

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 10

"determine how symptoms limit ability to perform work-related activities." SSR 16-3p, at *2.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but her statements concerning the intensity, persistence, and limiting effects of these symptoms are not consistent with the medical and other evidence. Tr. 23. Plaintiff contends the ALJ failed to provide specific, clear and convincing reasons for rejecting the persistence and severity of her allegations, which led to improperly excluding certain limitations in her testimony from the RFC finding. The Court agrees.

As an initial matter, the ALJ's discussion of the evidence is not analytical and does not explicitly state any reasons for finding Plaintiff's symptom testimony not fully persuasive.  The ALJ summarized the medical record but did not articulate any reasons for finding Plaintiff's symptom statements inconsistent with the medical and other evidence. The ALJ's decision must contain specific reasons for the weight given to the claimant's symptoms, be consistent with and supported by the evidence which are clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.   Social Security Ruling 16-3p, 2016 WL 1119029, at *9.  The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir.

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 11

2001).  While the ALJ is not required to perform a line-by-line analysis of the claimant's testimony, the ALJ is still required to do more than offer "non-specific conclusions that [claimant's] testimony was inconsistent with her medical treatment." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). Furthermore, An ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination. *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). Here, the ALJ's recitation of the evidence falls short of providing specific, clear and convincing reasons.

Defendant does not assert any specific reasons were identified by the ALJ but notes the ALJ "highlighted objective findings" that were inconsistent, "highlighted evidence" showing Plaintiff failed to comply with treatment recommendations and observed daily activities that were inconsistent with Plaintiff's claimed limitations.

Even if the ALJ's recitation of the evidence counted as reasons, the reasons set forth are not sufficient. To the extent the ALJ referenced Plaintiff's activities, it is not apparent the activities mentioned are inconsistent with Plaintiff's testimony. The ALJ noted that Plaintiff alleged needing reminders to take medication or perform housework but denied needing reminders to attend to personal care or grooming. Tr. 24. If the ALJ meant to contrast these statements, it is not apparent

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 12

how they are inconsistent or undermine her testimony. The ALJ noted she reported being able to go places alone; she can shop for herself; she shopped for food and other items for a friend; she is able to prepare meals; she likes to read, do crafts, and write. Tr. 24. Again, it is not apparent how these activities are inconsistent with Plaintiff's symptom testimony without some analysis by the ALJ.

Next, to the extent the ALJ intended to discount Plaintiff's testimony based on a lack of follow-through with treatment or routine and conservative mental health treatment, the ALJ's findings are insufficient. The ALJ's recitation of the record does not analyze or develop any conclusion about Plaintiff's treatment record and only notes that she failed to follow through with treatment at Frontier after an intake evaluation in November 2019. Tr. 24-25. The ALJ described Plaintiff's mental health treatment as "routine and conservative" but did not describe or otherwise note what the treatment was except that "[s]he required no inpatient admissions." Tr. 25. This is not sufficient to establish routine and conservative treatment or a lack of treatment.

Otherwise, the ALJ recited the contents of mental health records, noting largely positive findings. Tr. 24-25. To the extent this was intended to demonstrate the objective evidence does not support the Plaintiff's symptom statements, there is insufficient analysis. Further, the ALJ's recitation largely ignores objective findings suggesting some level of impairment favorable to Plaintiff. *See e.g.*, Tr.

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 13

809 (constricted affect, depressive and anxious mood, impaired insight, poor judgment), 824 (presented as agitated, tense, and talked with pressured speech, insight and judgment low), 837 (dysphoric mood), 1142 (appeared disheveled, sad affect, anxious and depressed mood, poor judgment, fair concentration), 1172 (appears depressed and fatigued with mild disheveledness), etc. And the ALJ's discussion does not address how the evidence contradicts Plaintiff's symptom testimony or make any connection to her symptom statements.

**B.    Opinion of John Arnold, Ph.D.**

Plaintiff contends the ALJ improperly evaluated the opinion of John Arnold, Ph.D. An ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 404.1520c.  Supportability and consistency are the most important factors in evaluating the persuasiveness of medical opinions and prior administrative findings, and therefore the ALJ is required to explain how both factors were considered.  20 C.F.R. § 404.1520c(b)(2).  The ALJ may, but is not required, to explain how other factors were considered.  20 C.F.R. § 404.1520c(b)(2); *see* 20 C.F.R. § 404.1520c(c)(1)-(5).

On April 13, 2021, Dr. Arnold prepared a Psychological Assessment Report based on his examination and testing of Plaintiff. Tr. 2008-13. He diagnosed unspecified mood disorder/rule out bipolar disorder, PTSD, borderline personality

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 14

disorder, unspecified somatic symptom disorder, alcohol use disorder in substantial remission. Tr. 2012-13. He opined that Plaintiff would have minimal difficulty understanding and performing simple, less physically demanding work tasks, including following basic verbal instruction; she would have moderate to marked difficulty making "in the moment" judgments and performing complex work tasks, especially tasks involving multitasking and persistent focus and pace; her adaptation to a work setting would be extremely difficult due to a history of decompensating interpersonally under stress; she has marked interpersonal difficulties generally; she does not appear to be capable of working gainfully; she may fare better with independent work; she is a risk to herself and others around automation and machinery; she may miss work for significant periods due to psychogenic overlay which more than likely precludes successful completion of a probationary period let alone advancement. Tr. 2013.

The ALJ found Dr. Arnold's opinion is not persuasive. Tr. 25. Regarding supportability, the ALJ observed Dr. Arnold supported his opinion with his examination of Plaintiff. Tr. 25. The more relevant the objective medical evidence and supporting explanations provided by a medical source to support his or her opinion, the more persuasive the medical opinion will be.  20 C.F.R. §§ 404.1520c(c), 416.920c(c). Despite noting the report is supported by exam, the ALJ determined the most significant findings by Dr. Arnold were a borderline ability to

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 15

perform abstractions and mixed general fund of information, "nothing that would support marked limitations in any area." Tr. 26. Yet, Dr. Arnold noted MSE findings that she "seemed dramatic at times," her mood was severely depressed and moderately anxious, and she was tearful at times. Tr. 2011. Further, the ALJ's dismissal of the supportability of the opinion based on two MSE findings does not take into account the clinical interview, Dr. Arnold's review of the record, or his clinical testing. The ALJ may not arbitrarily substitute his or her own judgment for competent medical opinion or make independent medical findings. *Tackett*, 180 F.3d at 1102-03. This scant finding is not supported by substantial evidence.

Regarding consistency, the ALJ found Dr. Arnold's opinion is not consistent with the record overall. Tr. 26. The more consistent a medical opinion is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion will be.  20 C.F.R. §§ 404.1520c(c), 416.920c(c). The ALJ referenced Plaintiff's "routine, conservative, and nearly non-existent" mental health treatment until August 2022 and observed she had no inpatient admissions for mental health treatment for this period. However, a lack of mental health treatment is not a substantial basis to conclude that a doctor's assessment of the claimant's condition is inaccurate.  *See Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). The ALJ also generally cited mental status exam findings within normal limits starting in August 2022.  However, as discussed above, the ALJ did

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 16

not reasonably consider the entire record or meaningfully evaluate any findings more favorable to Plaintiff.  Accordingly, this finding is not supported by substantial evidence.

**C.    Step Two**

Plaintiff contends the ALJ erred at step two by finding Plaintiff's kidney stone disease is non-severe. At step two of the sequential process, the ALJ must determine whether there is a medically determinable impairment established by objective medical evidence from an acceptable medical source.  20 C.F.R. §§ 404.1521, 416.921.  A statement of symptoms, a diagnosis, or a medical opinion does not establish the existence of an impairment. *Id*.  After a medically determinable impairment is established, the ALJ must determine whether the impairment is "severe;" i.e., one that significantly limits his or her physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1520(c) 416.920(c).  However, the fact that a medically determinable condition exists does not automatically mean the symptoms are "severe" or "disabling" as defined by the Social Security regulations. *See e.g. Edlund*, 253 F.3d at 1159-60; *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985).

The ALJ found Plaintiff's kidney stones are non-severe, Tr. 20, and did not mention kidney stones again in the decision. Plaintiff contends the ALJ failed to consider evidence in the record she contends constitute signs, symptoms, and

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 17

laboratory findings of a severe kidney stone impairment. Defendant observes Plaintiff only cites records cited by the ALJ and contends the ALJ's finding should be upheld.

Even if the ALJ's step two finding is supported by substantial evidence, step two is not meant to identify the impairments that should be considered when determining the RFC. *Buck v. Berryhill*, 869 F.3d 1040, 1048–49 (9th Cir. 2017). In fact, "[i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" Social Security Ruling (S.S.R.) 96-8p, 1996 WL 374184, at *5 (July 2, 1996); Thus, the ALJ must consider the effect of all impairments, including medically determinable but non-severe impairments, in evaluating the RFC. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).

Plaintiff testified she experiences frequent and urgent need to use the restroom based on her on chronic kidney stones. Yet the ALJ did not consider such testimony in evaluating Plaintiff's RFC and did not provide any reasons for discounting her symptom statements related to kidney stones. Since this matter is remanded on other grounds, on remand the ALJ shall conduct a new sequential evaluation and explain how Plaintiff's symptom testimony regarding kidney stones is considered.

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 18

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014).

Accordingly,

1. Plaintiff's Brief, **ECF No. 7**, is **GRANTED** in part and denied in part. It is granted in part regarding Plaintiff's request to remand. It is denied in part regarding Plaintiff's request that the Court reverse the findings of the Commissioner and award benefits.

2. Defendant's Brief, **ECF No. 9**, is **DENIED**.

3. This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** March 31, 2026.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 19